Mr. Richard E. Doran General Counsel Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Mr. Doran:
You ask substantially the following question:
May staff of the Department of Health and Rehabilitative Services and staff of the county public health units share information pursuant to provisions of Chapters 154 and 415, Florida Statutes, without breaching the confidentiality provisions contained therein?
In sum:
The Department of Health and Rehabilitative Services may provide records regarding disabled adults, elderly persons and children to professionals of a county public health unit when such records are necessary for the diagnosis and treatment of such individuals. Under section 154.04(1), Florida Statutes, all medical records of a county public health unit must be made available to the department. Thus, it would appear that the Department of Health and Rehabilitative Services and county public health units may share such information.
The materials you have provided indicate there are situations in which records of the Department of Health and Rehabilitative Services (HRS) relating to disabled adults, elderly persons, and children may be shared with county public health units (CPHU) and records regarding such individuals held by the CPHU may be shared with HRS. Given the various confidentiality provisions regarding such records, however, you seek clarification of whether the sharing of such information is authorized by statute.
A cursory examination of the relationship between HRS and the CPHU as set forth in Florida Statutes may provide some insight as to the possibility of confusion over whether the confidential records of one entity are shielded from the other.
In Chapter 154, Florida Statutes, the Legislature creates a system of coordinated public health unit services by which the public health needs of the counties are provided through contractual arrangements between the state and each county.[1] The statute contemplates that each county will cooperate with HRS to establish and maintain a full-time public health unit for the delivery of primary health care services to persons who are unable to obtain such services due to lack of income or other barriers beyond their control.[2] The use and maintenance of a CPHU is subject to the provisions of the contract between HRS and the county.[3]
Moreover, HRS is responsible for monitoring primary care programs and adopting rules to govern their operation.[4] Funding for the CPHU is statutorily authorized through the levy of an annual tax that is paid into the Public Health Unit Trust Fund maintained by the State Treasurer.[5] The fund, containing all state and local funds to be expended by the CPHU, is administered by HRS. Each fiscal quarter HRS must render a uniform financial statement of the CPHU account balances to each board of county commissioners contributing to the trust fund.[6]
Section 154.04, Florida Statutes, sets forth the minimum personnel required for a CPHU. The public health unit director must be a doctor of medicine or doctor of osteopathy who is appointed by the Secretary of HRS. Moreover, section 154.04(2), Florida Statutes, states:
The personnel of the public health unit shall be employed by the Department of Health and Rehabilitative Services. . . . [and] [s]uch employees shall engage in the prevention of disease and the promotion of health under the supervision of the Department of Health and Rehabilitative Services.
An important aspect of the relationship between the CPHU and HRS is contained in section 154.04(1)(d)3., Florida Statutes, requiring each county public health unit to "maintain and have available for inspection by representatives of the department [HRS] and the Department of Business and Professional Regulation all medical records and patient care protocols, including records of medications delivered to patients in accordance with rules of the department." (e.s.)
While the CPHU is not considered an agency of the state or a part of HRS, but rather is an agency of county government performing county functions,[7] the relationship between HRS and the CPHU created under Chapter 154 and the statutory mandate in section154.04(1)(d)3., Florida Statutes, recognizes that HRS will have access to the records of a CPHU.[8]
Section 415.107(1)(a), Florida Statutes, states that "all records concerning reports of abuse, neglect, or exploitation of the disabled adult or elderly person . . . shall be confidential and exempt from s. 119.07(1) and may not be disclosed except as authorized by ss. 415.101-415.113." Likewise, section 415.51(1)(a), Florida Statutes, provides that "all records concerning reports of child abuse or neglect . . . shall be confidential and exempt from the provisions of s. 119.07(1) and shall not be disclosed except as specifically authorized by ss. 415.502-415.514."
In the case of a disabled adult or elderly person, the statute provides that the department "may release to any professional person such information as is necessary for the diagnosis and treatment of, and service delivery to, a disabled adult or an elderly person or the person perpetrating the abuse, neglect, or exploitation."[9] Similarly, in the case of an abused child, HRS may release to professionals such information as is necessary for the diagnosis and treatment of the child or the person perpetrating the abuse.[10]
Thus, the Legislature has recognized instances when HRS records relating to disabled adults, elderly persons and children who may be the subject of abuse may be released to the specified professionals for the diagnosis and treatment of such individuals. To the extent such information would be necessary for the diagnosis and treatment of individuals by the CPHU, it would appear that HRS may release records that would otherwise be confidential.
Accordingly, under the statutes discussed above, the Department of Health and Rehabilitative Services may provide records regarding disabled adults, elderly persons and children to professionals of a county public health unit when such records are necessary for the diagnosis and treatment of such individuals. Pursuant to section 154.04(1), Florida Statutes, all medical records held by the county public health unit must be made available to the Department of Health and Rehabilitative Services. Thus, it would appear that HRS and the CPHU may share such information under the conditions set forth in Chapters 415 and 154, Florida Statutes, without breaching the confidentiality provisions contained in those statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 154.001, Fla. Stat. (1995).
[2] Sections 154.01(1) and (3) and 154.011(1), Fla. Stat. (1995).
[3] Section 154.01(4), Fla. Stat. (1995).
[4] Section 154.011(2) and (5), Fla. Stat. (1995).
[5] Section 154.02(1), Fla. Stat. (1995).
[6] Section 154.02(2) and (4), Fla. Stat. (1995).
[7] See, Op. Att'y Gen. Fla. 80-28 (1980) (CPHU established and maintained under Ch. 154, Fla. Stat., is agency of county government performing county purposes and is not agency of state government or a subdivision of HRS, although the department cooperates with and exercises limited supervisory authority over CPHU)
[8] See also, s. 154.067, Fla. Stat., mandating promulgation of an HRS rule requiring every CPHU to adopt a protocol so that in any case involving suspected child abuse or neglect, at the request of HRS, the CPHU will designate a staff physician to act as a liaison between the unit and the department office investigating the suspected abuse or neglect.
[9] Section 415.107(5), Fla. Stat. (1995).
[10] See, s. 415.51(3), Fla. Stat. (1995). See also, s. 415.5055(3), Fla. Stat. (1995), making all records and reports of child protection teams confidential and not subject to disclosure, except upon request, to the state attorney, law enforcement officers, the department, and necessary professionals, in furtherance of the treatment or additional evaluative needs of the child or by order of the court.